# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEINHAUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-CV-264 NAB |
| ) | |
| DAVID VANDERGRIFF, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Jeffrey Weinhaus' application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and request for leave to proceed *in forma pauperis*. The Court will grant Wilson's request for leave to proceed *in forma pauperis* and will deny and dismiss the petition because it is successive and was filed without authorization from the Eighth Circuit Court of Appeals.

## Background

Petitioner Jeffrey Weinhaus is presently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, pursuant to the judgment and sentence of the Circuit Court of Franklin County, Missouri.

Petitioner Jeffrey Weinhaus was convicted by a jury in the Circuit Court of Franklin County, Missouri, of unlawful felony possession of morphine, misdemeanor possession of marijuana, first-degree assault on a law enforcement officer, and armed criminal action, for which he was sentenced to concurrent terms of imprisonment for two, one, thirty, and thirty years, respectively. His conviction was affirmed by the Missouri Court of Appeals on direct appeal. *State of Missouri v. Weinhaus*, 459 S.W.3d 916 (Mo. Ct. App. 2015). Petitioner moved for post-

conviction relief under Missouri Supreme Court Rule 29.15, which was denied by the Circuit Court without a hearing. The Court of Appeals affirmed. *Weinhaus v. State of Missouri*, 501 S.W.3d 523 (Mo. Ct. App. 2016).

After initially seeking relief in this Court under 28 U.S.C. § 2201, petitioner amended his petition under 28 U.S.C. § 2254 on November 3, 2017. *Weinhaus v. Steele*, No. 4:17-CV-1941 DDN (E.D.Mo.).[1] The Court denied and dismissed the application for writ of habeas corpus on August 13, 2019. *Id.* Petitioner did not appeal the denial of his application for writ of habeas corpus.

In the instant application for relief, petitioner asserts that the State committed a *Brady* violation when they failed to disclose that they later terminated the Officer involved in his arrest, Officer Folsom.[2] Petitioner does not indicate when Officer Folsom was terminated, but simply states he believes he was terminated for "mishandling Mr. Weinhaus' investigation, and because he suffers PTSD."

## Discussion

Weinhaus seeks relief pursuant to 28 U.S.C. § 2254. He also challenges the same state court judgment he challenged in *Weinhaus I*, which was adjudicated on its merits, and his claims were brought, or could have been brought, in that case. Accordingly, the instant petition is a second or successive application.

A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application he is required to

---

[1] For ease of reference, the Court will refer to petitioner's previous habeas as "*Weinhaus I*."
[2] In *Brady*, the Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

"move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

To the extent Weinhaus seeks to re-litigate claims he brought in *Weinhaus I,* those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent Weinhaus seeks to bring new claims for relief, such as his assertion that he was subjected to a *Brady* violation, because he has not sought, much less obtained, the required authorization from the Eighth Circuit Court of Appeals, this Court lacks jurisdiction to consider his petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

When a second or successive application for collateral relief is filed in a district court without the authorization of the court of appeals, the district court should dismiss it, or, in its discretion, transfer it to the appellate court so long as it is in the interests of justice. Here, the Court finds it would not be in the interest of justice to transfer the petition to the Eighth Circuit Court of Appeals. The Court will therefore dismiss it for lack of jurisdiction.

Finally, the Court finds that Weinhaus has not made a substantial showing that he was denied a constitutional right and will therefore not issue a certificate of appealability.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Jeffrey Weinhaus' request to proceed *in forma pauperis* [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Jeffrey Weinhaus' petition for writ of habeas corpus [Doc. #1] is **DENIED AND DISMISSED**. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 4th  day of March, 2021.

                                                   HENRY EDWARD AUTREY.
                                                   UNITED STATES DISTRICT JUDGE